# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-0790** (Webster County 15-F-11)

**April Dawn Hamrick,**
**Defendant Below, Petitioner**

**FILED**

**September 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner April Dawn Hamrick, by counsel Daniel Grindo, appeals the Circuit Court of Webster County's July 13, 2015, order sentencing her to an aggregate term of five years to twenty-five years of incarceration for her conviction of one count of conspiracy to operate or attempting to operate a clandestine drug laboratory and one count of operating or attempting to operate a clandestine drug laboratory. The State, by counsel Nic Dalton, filed a response. On appeal, petitioner argues that there was insufficient evidence to sustain her conviction and the circuit court erred in imposing her sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2015, petitioner was indicted on one count of conspiracy to operate or attempt to operate a clandestine drug laboratory, one count of operating or attempting to operate a clandestine drug laboratory, and one count of possession of substances to be used as a precursor to the manufacture of methamphetamine. Petitioner and her co-defendants were accused of manufacturing methamphetamine at one of the co-defendant's homes.

In April of 2015, petitioner's trial commenced. At trial, several witnesses testified that they observed the manufacture of methamphetamines and petitioner and her co-defendants in possession of methamphetamine-making ingredients. A number of police officers testified that they observed petitioner and her co-defendants engaged in the production of methamphetamines and, during the raid on the home, petitioner was observed in possession of a common component used in the manufacture of methamphetamine. Police also recovered actual methamphetamine in the home. Ultimately, petitioner was convicted of one count of conspiracy to operate or attempt to operate a clandestine drug laboratory and one count of operating or attempting to operate a clandestine drug laboratory. She was sentenced to a period of not less than one year nor more than five years of incarceration for conspiracy to operate or attempt to operate a clandestine drug

laboratory and, because she had a prior qualifying drug felony, to not less than four years nor more than twenty years for operating or attempting to operate a clandestine drug laboratory. The circuit court ordered that the sentences run consecutively to each other. Petitioner was sentenced by order dated July 13, 2015. It is from this order that petitioner now appeals.

When discussing the sufficiency of the evidence, we have held that

> [a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.

Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). It is clear from the record that the evidence before the jury was more than sufficient for it to find petitioner guilty of the two crimes in question.

To sustain her conviction for operating or attempting to operate a clandestine drug laboratory under West Virginia Code § 60A-4-411, the State was required to prove petitioner "assemble[d] any chemicals or equipment or combination thereof for the purpose of manufacturing methamphetamine, methylenedioxymethamphetamine or lysergic acid diethylamide." At trial, a team of arresting police officers testified that they observed petitioner and her co-defendants manufacturing methamphetamine on the front porch of a co-defendant's home. One of the officers testified that, during the police raid on the home, he witnessed petitioner and her co-defendants huddled together on the front porch and one of the co-defendants was shaking a bottle containing the ingredients for manufacturing methamphetamine. Another officer testified that he witnessed petitioner holding a bag of coffee filters, which are commonly used for the purpose of manufacturing methamphetamine. The officers also testified that they recovered actual methamphetamine in the home and a list of other items commonly used in the manufacture of methamphetamine. As such, it is clear that the evidence was sufficient to support petitioner's conviction of the crime under West Virginia Code § 60A-4-411.

To sustain her conviction for conspiracy to operate or attempt to operate a clandestine drug laboratory under West Virginia Code § 61-10-31, the State was required to prove that: "two or more persons conspire[d] to commit any offense against the state" and that "one or more of such persons d[id] any act to effect the object of the conspiracy." At trial, one of the arresting police officers testified that he heard petitioner and her co-defendants discussing the processes for manufacturing methamphetamine. Additionally, as noted above, there was evidence that petitioner and her co-defendants huddled in a circle while at least one of the co-defendants was shaking a bottle. Additionally, the arresting police officer testified that, after raiding the home, they recovered actual methamphetamine and components used in the manufacture of

methamphetamine. As such, as outlined above, there was sufficient evidence for the jury to find petitioner guilty under West Virginia Code § 61-10-31. As such, we find no error in this regard.

Regarding petitioner's claim that the circuit court erred in imposing her sentence, we have previously held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius,* 225 W.Va. 716, 696 S.E.2d 18 (2010). We note that petitioner's sentences for her crimes are within the applicable statutory limitations.

West Virginia Code § 61-10-31 provides that any person convicted of conspiracy to operate or attempt to operate a clandestine drug laboratory "shall be punished by imprisonment in the penitentiary for not less than one nor more than five years or by a fine of not more than ten thousand dollars, or, in the discretion of the court, by both such imprisonment and fine." The record shows that petitioner was sentenced to a period of not less than one year nor more than five years for this crime. Additionally, West Virginia Code § 60A-4-411 provides that any person convicted of operating or attempting to operate a clandestine drug laboratory "shall be confined in a state correctional facility for not less than two years nor more than ten years or fined not less than five thousand dollars nor more than twenty-five thousand dollars, or both." However, the record shows that petitioner had a prior drug felony conviction and was sentenced to four to twenty years pursuant to West Virginia Code § 60A-4-408 which provides that any person convicted of "a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both." As such, it is clear that petitioner was sentenced within the applicable statutory guidelines and her sentences are not reviewable on appeal.

Petitioner does not allege that the circuit court based its sentence on any impermissible factor. Instead, petitioner argues that her sentence is excessive based upon her contention that she was not aware that a clandestine drug laboratory was in operation. The Court, however, notes that none of these issues constitute an allegation that the circuit court based petitioner's sentence on an impermissible factor. As such, we reiterate that petitioner's sentence is, therefore, not reviewable on appeal.

For the foregoing reasons, the circuit court's July 13, 2015, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: September 6, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II